**Alicia Gesulgani GESULGON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75878.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Karen Alicia Davis, Richmond, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Alicia Gesulgani Gesulgon, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's ("IJ") order denying her application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review.

Gesulgon testified that leading up to her departure from the Philippines in 1987, members of a guerilla organization attempted to recruit her, extorted money from her, and threatened her if she did not continue to pay them. Gesulgon testified that she fears returning to the Philippines because members of the guerillas may still think she has money, and may continue to demand payments from her. Because Gesulgon presented no evidence that this extortion or attempted recruitment was on account of a protected ground, substantial evidence supports the IJ's determination that she failed to establish past persecution or a well-founded fear of future persecution. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1151 (9th Cir.2000) (guerilla organization's attempts to forcibly recruit a person are insufficient to compel a finding of persecution on account of political belief where there is no evidence of a political motivation).

The voluntary departure period was stayed, and that stay will expire upon issu-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.